# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHAD HARGREAVES, *Plaintiff,* v. TIMOTHY WARD, *et al.,* *Defendants.* | CIVIL ACTION NO. 5:21-cv-00257-TES-CHW |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

*Pro se* Plaintiff Chad Hargreaves, a prisoner incarcerated at Baldwin State Prison in Hardwick, Georgia, filed the above-captioned action seeking relief pursuant to 42 U.S.C. § 1983. [Doc. 1]. On July 26, 2021, the Court entered an Order [Doc. 5] denying Plaintiff the ability to proceed *in forma pauperis* and dismissed his Complaint [Doc. 1] because he did not—as a three-striker—allege that he was in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam).

As stated in the Court's Order, Plaintiff has filed multiple federal lawsuits and at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. [Doc. 5, pp. 2–3 (citing cases)]. The Court dismissed Plaintiff's Complaint without prejudice and informed him that if he wished to proceed

with those specific claims, he would have to file a new complaint along with pre-payment of the full $402 filing fee. [*Id.* at p. 5]. On August 20, 2021, Plaintiff filed a Notice of Appeal [Doc. 8], and now he seeks leave to appeal his case *in forma pauperis*. [Doc. 13].

    **A.**    *In Forma Pauperis* **Standard**

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3). Similarly, Appellate Rule 24(a) provides:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.
> . . .
> If the district court denies the motion, it must state its reasons in writing.

Fed. R. App. R. 24(a)(1)–(2).

Thus, pursuant to both provisions, the district court may authorize an appeal of a

civil action without prepayment of fees if (1) the party submits "an affidavit that includes a statement of all assets," describes the nature of the appeal, and declares the affiant's belief in his entitlement to redress; and (2) the appeal is taken in good faith. 28 U.S.C. § 1915(a); *see also* Fed. R. App. P. 24(a).

      **B.**    <u>**Plaintiff has Shown Inability to Pay the Filing Fee**</u>

First, the Court must determine whether Plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff claims to have no assets or income. [Doc. 13, pp. 2–5]. Based on his Motion, Plaintiff has shown the Court that he cannot immediately pay the appellate filing fee.

      **C.**    <u>**Plaintiff's Appeal is Not Taken in Good Faith**</u>

Next, the Court considers whether the appeal is brought in good faith. An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

As a three-striker, Plaintiff had to meet the imminent-danger exception at the time he filed his Complaint in order to have been granted leave to proceed *in forma pauperis* in this case. The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff complains that since April 26, 2021, he has had chronic lower back pain for which he has received treatment. [Doc. 1, pp. 6–10]. Yet, he signed his Complaint on July 15, 2021. [*Id.* at p. 11]. That's nearly a three-month spread and is certainly not "imminent" or a "genuine emergency." In his Motion, Plaintiff states that his issues on appeal are that he "is having to continuously endure wanton inflection [*sic*] of unnecessary pain and indifference to medical needs" and that he has "demonstrated imminent danger." [Doc. 13, p. 1]. However, because the facts alleged *in his Complaint* only suggest issues with his treatment and an alleged lack of assistance "with this matter," he falls short of satisfying the exception. *See Medberry v. Butler*, 185 F.3d 1198, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"); *see, e.g.*, [Doc. 1, p. 8].

Again, complaints of past injuries are not sufficient, and a prisoner is not able to establish a constitutional violation simply because he "may have desired different modes of treatment" than that which was provided to him. *Medberry*, 185 F.3d at 1193; *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Based on this, the Court cannot certify that Plaintiff's appeal is taken in good faith.

As the Court stated in its previous Order, when a three-striker fails to allege imminent danger and is not permitted to proceed *in forma pauperis*, the "proper procedure is for the district court to dismiss the complaint without prejudice." [Doc. 5, p. 5 (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam))]. The Court did just that.

### D.    Conclusion

For the reasons discussed above, Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 13] is **DENIED**. If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is

5

**DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

    **SO ORDERED**, this 8th day of September, 2021.

                                    S/ Tilman E. Self, III
                                    **TILMAN E. SELF, III, JUDGE**
                                    **UNITED STATES DISTRICT COURT**